UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YISRAEL FRIEDMAN, *individually,*
*and on behalf of all others similarly situated,*

    Plaintiff,

vs.

MIRAMED REVENUE GROUP, LLC,
*an Illinois limited liability company,*

    Defendant.
------------------------------------------------------------x

FILED
U.S. DIST...
2012 JUL 10 PM 2:36

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

12 CV 5328

JUDGE BRICCETTI

Plaintiff, by and through the undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from defendant's violation of § 1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action arising from violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff Yisrael Friedman (hereinafter "Friedman") is natural person and a resident of the State of New York, Rockland County.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

6. Defendant MiraMed Revenue Group, LLC (hereinafter "MiraMed") is an Illinois limited liability company whose principal office is located at 991 Oak Creek Dr., Lombard, IL 60148 and whose registered agent for service of process is CT Corporation System, 208 So. LaSalle St., Ste. 814, Chicago, IL 60604.

7. MiraMed is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant in violation of the FDCPA, within one year of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates, or partners of MiraMed Revenue Group, LLC.

9. This action is properly maintained as a class action. The Class satisfies all the requirements of Fed. R. Civ. P. 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons in the state of New York have received

debt collection notices from the defendant which violation various provisions of the FDCPA.

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated the FDCPA;

    b. Whether plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if the defendant's conduct proceeds without remedy it will continue to reap and retain proceeds of its ill-gotten gains.

16. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. On or about July 11, 2011 defendant did sent to plaintiff an initial collection letter demanding payment in full of an alleged debt past due and payable to Good Samaritan Hospital. **EXHIBIT A**

18. Upon information and belief, EXHIBIT A is a form letter, the content of which is materially similar to those sent to the putative Class members.

19. In reference to its relationship with Good Samaritan Hospital, Defendant's collection letter states, "This firm represents the creditor named above."

20. **EXHIBIT A** states in part:

*Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if one exists, and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after*

*receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.*

21.   EXHIBIT A identifies Defendant's mailing address as, PO Box 536, Linden, MI 48451.

22.   Upon information and belief, PO Box 536, Linden, MI 48451 belongs to Data Processing Services, LLC, a Michigan limited liability company whose principal offices are located at 12178 Sharp Road, Linden, MI 48451.

23.   Upon information and belief, the office of Data Processing Services, LLC, a Michigan limited liability company, is not the office of MiraMed Revenue Group, LLC, an Illinois limited liability company.

24.   Under 15 U.S.C. § 1692g, if a debt collector does not receive a timely dispute, the debt collector is not required to cease collection activities nor to obtain verification of the debt.

25.   By failing to provide its address to the recipient of its collection letters, Defendant attempts to ensure that it will never receive a timely dispute, thereby preventing recipients of its collection letters from exercising their statutory rights under the FDCPA.

## COUNT I
## VIOLATIONS OF THE FDCPA

26.   Paragraphs 1-25 are realleged as if fully set forth herein.

27.   Defendant's collection letters violate 15 U.S.C. § 1692e in that they constitute false, deceptive or misleading representations or means in connection with the collection of a debt. The letters are intended to mislead the Plaintiff in that the only

address which could be reasonably construed as the Defendant's address for purposes of disputing pursuant to § 1692g, does not belong to Defendant.

28. As a result of Defendants' conduct, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

29. Plaintiff is entitled to an award of costs and attorney fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of the Plaintiff and against Defendant for:

a. Statutory damages pursuant to 15 U.S.C. § 1692k ;

b. Attorney's fees and costs of bringing this action;

c. Such other or further relief as the Court deems proper.

KLEINMAN LLC

*/s/ Abraham Kleinman*

Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone    (516) 522-2621
Facsimile    (888) 522-1692
E-mail:      akleinman@kleinmanllc.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

*/s/ Abraham Kleinman*

Abraham Kleinman (AK-6300)

**Exhibit A**

# MiraMed Revenue Group

**NOTICE OF AMOUNT DUE**

RE:   GOOD SAMARITAN

STATEMENT DATE:   July 11, 2011
ACCOUNT NUMBER:   Multiple - See Reverse Side

ADDRESSEE:
Yisrael Friedman
14 White Birch Dr
Pomona NY 10970-3405

AMOUNT DUE:   $200.00
REFERENCE#:   8998962

MAKE CHECKS PAYABLE TO:
Good Samaritan Hospital
255 Lafayette Ave
Suffern NY 10901-4869

**** PLEASE CALL ****
Phone: 630-424-4000 ext 3082 • Fax: 630-424-4002
Outside Illinois: 800-837-2458 ext 3082
To make your payment online, please visit us at www.mmrgpayment.com

This firm represents the creditor named above. Your account has been referred to this office for collection because the amount shown above is past due.

We request payment in full. If you cannot pay the amount due, but wish to make payments on this overdue debt, please call this office with your proposal and we will discuss payment terms.

You can mail payments to us at the address listed above. We will also accept payment by credit card or check-by-phone at the phone numbers listed above, or you can pay online at www.mmrgpayment.com.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if one exists, and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Thank you,

MiraMed Revenue Group, LLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

PLEASE INCLUDE YOUR REFERENCE NUMBER ON YOUR CHECK.
PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

---

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION
Retain top portion for your records

531-HWPAPC10-MLD1PKT-128#1

*** Please detach the lower portion and return with your payment ***

TYFFFD5840

MiraMed Revenue Group, LLC
PO Box 536
Linden MI 48451-0536
ADDRESS SERVICE REQUESTED

July 11, 2011

| | |
|---|---|
| Letter Date: | 07/11/11 |
| Reference#: | 8998962 |
| Account#: | Multiple - See Reverse Side |
| Creditor: | GOOD SAMARITAN |
| Amount Due: | $200.00 |
| Date of Service: | Multiple - See Reverse Side |
| Patient: | CHERYL LEVERTON |
| List account #'s paying: | |

0000120020004323167010970340514-1YA1--TYFFFD5840-531

8998962 - MLD1PKT - 531
Yisrael Friedman
14 White Birch Dr
Pomona NY 10970-3405

**MAKE CHECKS PAYABLE TO:**

Good Samaritan Hospital
255 Lafayette Ave
Suffern NY 10901-4869

Favor de comunicarse con uno de nuestros representantes para mas information sobre su cuenta. Nos puede llamar al numero de telefono que aparese arriba.
Your accounts are listed below:

| ACCOUNT # | DATE OF SERVICE | BALANCE DUE |
|---|---|---|
| 13603907 | 02-08-11 | $100.00 |
| 13532742 | 02-22-11 | $100.00 |

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MC    VISA    DISC    VER    [AMEX]

CARD NUMBER _____ EXP. DATE _____

CARD HOLDER NAME _____ CVV _____

SIGNATURE _____ AMOUNT PAID _____

Complete Section below if you carry any insurance that has not been billed.

Employer _____ Address _____ Telephone _____

Insurance or HMO _____ Insured Employee's Name _____

Group or Policy Number(s) _____ Policy Holder's Social Security Number _____

Claim Mailing Address _____ Certification Authorization Number if Required _____